**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DONEESHA THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO._____ |
| | ) | |
| SKYBOXX RESTAURANT AND | ) | |
| SPORTS BAR, LLC | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Doneesha Thomas ("Ms. Thomas" or Plaintiff) and submits the following Complaint against Defendant Skyboxx Restaurant and Sports Bar d/b/a Skyboxx ("Skyboxx" or Defendant).

## INTRODUCTION

Plaintiff was a bartender for Defendant. She worked off the clock and only received tips. Plaintiff was pregnant and when Defendant found out about her pregnancy she was terminated. Plaintiff was told that a pregnant bartender was not good for Defendant's image. Plaintiff was not paid minimum wage in violation of the Fair Labor Standards Act 29 U.S.C. § 203(d) ("FLSA"), and she was discharged by Defendant in violation of the Family Medical Leave Act (FMLA), Title VII of

the 1964 Civil Rights Act, 42 U.S.C. §2000e *et seq.* ("Title VII) and the Pregnancy Discrimination Act of 1978 as amended ("PDA").

## JURISDICTION AND VENUE

1.      Plaintiff' claims present federal questions over which this Court has jurisdiction due to the FMLA, FLSA, Title VII and the PDA, and this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

2.      This Court is an appropriate venue for all of Plaintiff' claims under 28 U.S.C. § 1391(b) and (c) because all of the parties reside within the Northern District of Georgia, and the substantial majority of events giving rise to Plaintiff' claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

3.      On October 23, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto and incorporated herein is **Exhibit A**.

4.      The EEOC has issued a Right to Sue Letter for the EEOC Charge. Attached hereto and incorporated herein is **Exhibit B**.

5.      Plaintiff has exhausted her administrative remedies prerequisite to filing this suit pursuant to Title VII.

6.      This suit has been commenced within 90 days of Plaintiff' receipt of her right to sue letter.

## PARTIES

7.      Plaintiff is a citizen of the United States and resident of the state of Georgia.

8.      Plaintiff is female and a member of a protected class under Title VII and the PDA.

9.      Plaintiff was an employee of Defendant at all times material to this Complaint, concluding with her unlawful retaliatory termination.

10.      Defendant is licensed to do business in Georgia.

11.      Defendant transacts business in the Northern District of Georgia.

12.      Defendant is subject to this Court's jurisdiction and may be served with process through its registered agent for service of process.

## FLSA FACTUAL ALLIGATIONS

13.      Defendant is an employer within the meaning of the FLSA as they were acting directly or indirectly in their own interests as employers in its interactions with Plaintiff and controlled the terms and conditions of employment of Plaintiff on a day-to-day basis.

14.      At all times relevant in this action, Defendant was engaged in commerce, *i.e.*, serving goods shipped through interstate commerce and obtaining payments through interstate commerce for services provided.

15.    Upon information and belief, Defendant was an enterprise with gross revenues exceeding $500,000 per year in each year in which Plaintiff was employed.

16.    Defendant at all times relevant to this action, was engaged in an enterprise engaged in interstate commerce.

17.    Plaintiff should have been properly classified as a FLSA non-exempt, hourly employee.

18.    Defendant however did not pay Plaintiff an hourly wage as required by the FLSA.

19.    Instead, Plaintiff was only paid with tips she received.

20.    From September 2018 until her termination on or around September 2019, Plaintiff commonly worked approximately 45-50 hours per week in violation of the FLSA.

21.    Plaintiff was not compensated for any of the hours she worked.

### FMLA, TITLE VII AND PDA FACTUAL ALLEGATIONS

22.    Defendant is a bar/restaurant in Morrow GA.

23.    Defendant employs 50+ employees for each working day in each of twenty or more calendar weeks throughout 2018, 2019 and 2020 within 75 miles of Plaintiff's work location.

24.    Plaintiff was employed by Defendant for over one year.

25.    Plaintiff was eligible for protection as an employee under the FMLA.

26.     Defendant is subject to the anti-discrimination and anti-retaliation provisions of Title VII and the PDA.

27.     Plaintiff was hired by Defendant in September 2018.

28.     Plaintiff was a bartender.

29.     Prior to Plaintiff informing Defendant that she was pregnant she had not been formally disciplined by Defendant.

30.     Just after Plaintiff's work anniversary, on or around September 22, 2019 Plaintiff informed Defendant that she was pregnant and that she intended to work until her child was born.

31.     Defendant responded that it would not be a good look to have you behind the bar pregnant.

32.     On September 27, 2019 Plaintiff was terminated due to her pregnancy.

33.     Plaintiff was terminated in violation of Title VII, the PDA and the FMLA.

## COUNT I
## GENDER/PREGNANCY DISCRIMINATION VIOLATION OF TITLE VII AND THE PDA

34.     Plaintiff hereby incorporate each and every preceding paragraph as if set forth fully herein.

35.     Plaintiff was protected from discrimination by the Title VII and the PDA.

36.    Plaintiff was pregnant.

37.    Defendant terminated Plaintiff's employment due to her pregnancy.

38.    At all times relevant to this action, Defendant knew or should have known of the discrimination Plaintiff suffered and the existence of a discriminatory work environment but failed to take immediate remedial action to protect Plaintiff.

39.    Instead, Defendant allowed a discriminatory work environment to exist.

40.    Defendant's actions constitute unlawful intentional gender discrimination in violation of the PDA and Title VII.

41.    Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

42.    As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

## COUNT II
## FMLA

43.    Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

44.    Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

45.    At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2018-2020 and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

46.    Plaintiff had a serious health condition as defined by the FMLA.

47.    Plaintiff had not exhausted her FMLA leave limit in 2019.

48.    Plaintiff timely notified Defendant of her serious medical condition.

49.    Defendant knew that Plaintiff was qualified for leave under the FMLA, and that Plaintiff needed leave under the FMLA; Defendant, however, failed to notify Plaintiff that she was eligible for FMLA leave.

50.    As a result of Plaintiff's requests for FMLA covered leave, Defendant unlawfully terminated Plaintiff's employment, thus interfering with Plaintiff's right to FMLA.

51.    Defendant's actions in interfering with Plaintiff's exercise of her rights under the FMLA were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

52.    The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement

benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

53.     As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

54.     Plaintiff is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**COUNT III**
**VIOLATION OF 29 U.S.C. § 206 AND § 207: OVERTIME COMPENSATION AND MINIMUM WAGE**

55.     Plaintiff incorporates by reference all paragraphs above, as if fully set forth herein.

56.     Plaintiff was entitled to payment of minimum wage for all hours worked less than 40 hours per week.

57.     Plaintiff was entitled to payment of overtime for all hours worked in excess of 40 hours per week.

58.     Plaintiff was not exempt from the minimum wage requirement of the FLSA.

59.     Defendant did not pay Plaintiff the minimum wages nor the overtime required by the FLSA.

60.     Defendant has violated the FLSA by not paying the required minimum wages to Plaintiff for all hours worked.

61.     Plaintiff frequently worked in excess of forty (40) hours per week during each full week in which Plaintiff was employed by Defendant Employer.

62.     Defendant Employer's willful failure to comply with FLSA's minimum wage and overtime requirements gives rise to a claim for relief by Plaintiff in the amount of her unpaid minimum wage and overtime compensation, as the case may be, and in an additional equal amount as liquidated damages, reasonable attorney's fees, compensatory and punitive damages, and costs of bringing this action.

WHEREFORE, Plaintiff demand a trial by jury and for the following relief:

(a)     a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of both Title VII the PDA, and the FMLA;

(b)     an injunction prohibiting Defendants from engaging in unlawful employment practices in violation of Title VII, the PDA and the FMLA;

(c)     full back pay from the date of Plaintiff' retaliatory terminations, taking into account all raises to which Plaintiff would have been entitled but for their unlawful terminations, and all fringe and pension benefits of employment, with prejudgment interest thereon.

(d)     front pay to compensate Plaintiff for lost future wages, benefits, and pension.

(e)     compensatory damages and/or liquidated damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff' emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)     punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for their conduct toward Plaintiff and deter them from similar conduct in the future;

(g)     minimum wages and overtime for all time Plaintiff worked off the clock;

(h)     reasonable attorney's fees and costs; and

(i)     other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of December 2020.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorneys for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039